# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANIEL LLOYD,

    Plaintiff,

v.                                          Case No. 8:22-cv-2834-WFJ-UAM

DREWAN CLARKE, and
KINGZ TRANSPORT, LLC,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Daniel Lloyd's Motion in Limine (Dkt. 39). Defendants Drewan Clarke and Kingz Transport, LLC ("Kingz") have responded in opposition (Dkt. 39), and Mr. Lloyd has replied (Dkt. 42). Upon careful consideration, the Court denies Mr. Lloyd's Motion without prejudice.

## BACKGROUND

On October 29, 2021, Mr. Clarke—a Florida resident acting in the course of his employment with Florida company Kingz—allegedly caused a motor vehicle accident in Georgia. Dkt. 1 at 1–3. Mr. Lloyd was injured in the accident and incurred medical bills from various providers. *Id.* at 4–5. Accordingly, on December 14, 2022, Mr. Lloyd brought the instant lawsuit against Defendants.

With trial approaching, Mr. Lloyd seeks an order instructing Defendants "not to refer to, discuss, mention, express, or communicate to the jury in any manner, either directly or indirectly, collateral source payments." Dkt. 39 at 1 (cleaned up). Mr. Lloyd argues that any evidence of collateral source benefits pertaining to his medical bills are irrelevant and unduly prejudicial under Georgia's collateral source rule. *Id.* at 3–7. Defendants disagree. *See generally* Dkt. 40.

## LEGAL STANDARD

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Given these motions are generally disfavored, "[e]vidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). Rulings on motions in limine are subject to change as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

In the instant diversity case, the parties agree that Georgia law governs substantive issues while federal law governs procedural issues. Dkt. 39 at 5; Dkt. 40 at 1. Procedural issues include the rules of evidence. *See McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004). Further, "[a]lthough Georgia's collateral source rule is a substantive rule of damages, it also has procedural evidentiary

2

implications" which are controlled by federal law. *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1299–301 (11th Cir. 2018).

"The collateral source rule, stated simply, is that the receipt of benefits or mitigation of loss from sources other than the defendant will not operate to diminish the plaintiff's recovery of damages." *Polito v. Holland*, 258 Ga. 54, 55 (1988) (internal quotations and citation omitted). "Because of the substantive consequences of the rule, evidence of collateral benefits is not generally material[.]" *Id.* at 56. This is largely because it cannot be used by a jury to directly offset a plaintiff's damages. *ML Healthcare Servs., LLC*, 881 F.3d at 1303.

Evidence of collateral source benefits is, however, admissible for other purposes when accompanied by limiting instructions. Indeed, "there may be another issue in a case to which evidence of collateral benefits is material" and juries can be instructed "not to reduce any damages [they] might award on account of [such benefits]." *Id.* at 1300–1303 (internal quotations and citations omitted). One issue to which evidence of collateral benefits might be relevant is the reasonableness of the plaintiff's claimed medical bills. *See Showan v. Pressdee*, 922 F.3d 1211 (11th Cir. 2019) (finding that testimony concerning billing practices "did not violate the collateral source rule" because the testimony "addressed the reasonableness" of medical expenses and whether such expenses are "reasonable and necessary" is a critical inquiry under Georgia law); *Rangel v. Anderson*, 202 F.

Supp. 3d 1361, 1374 (S.D. Ga. 2016), *objections overruled*, No. CV 215-81, 2016 WL 6542717 (S.D. Ga. Nov. 3, 2016) (finding evidence of a discount arrangement "relevant to the jury's assessment of the reasonableness of Plaintiffs medical treatment and the reasonable value of the medical services provided").

Given that both federal and Georgia state courts largely agree on the foregoing, the Court will not exclude in limine all references to collateral source benefits. Evidence concerning the reasonable and customary charges for the types of medical procedures undergone by Mr. Lloyd is relevant to the reasonableness of Mr. Lloyd's medical bills. So too is evidence pertaining to the sale of Mr. Lloyd's medical debt to third parties. *Spears v. Wal-Mart Stores E., LP*, No. 2:18-CV-152, 2021 WL 5514008, at *5 (S.D. Ga. Sept. 13, 2021). Additionally, whether Defendants' evidence of customary charges, third party sales, or unused medical insurance even invokes the collateral source rule is unclear—these do not appear to be payments, benefits, or mitigation that Mr. Lloyd actually received. Either way, the Court will properly "charge the jury that collateral benefits shall not reduce damages the tortfeasor is otherwise liable to pay." *ML Healthcare Servs., LLC*, 881 F.3d at 1301. Mr. Lloyd may reassert his evidentiary arguments at trial.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED:** Mr. Lloyd's Motion (Dkt. 39) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, on May 21, 2024.

>   */s/ William F. Jung*
>   **WILLIAM F. JUNG**
>   **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record